

# CT Corporation

**Service of Process Transmittal**
01/27/2014
CT Log Number 524291765

**TO:** Laura Gretencord, General Counsel
Marsh Supermarkets Inc.
9800 Crosspoint Boulevard
Indianapolis, IN 46256

**RE:** **Process Served in Indiana**

**FOR:** Marsh Supermarkets, LLC (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Betty J. Eads, Pltf. vs. Marsh Supermarkets, Inc. and Kim Paris, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Return, Complaint and Jury Demand, Appearance |
| **COURT/AGENCY:** | Boone County Superior Court, IN Case # 06D021401CT00006 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful termination on the basis of disability and age - 11/05/2012 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/27/2014 postmarked on 01/22/2014 |
| **JURISDICTION SERVED:** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | Within 23 days commencing day after receipt of summons |
| **ATTORNEY(S) / SENDER(S):** | Tae Sture Sture Legal Services, LLC 9000 Keystone Crossing Suite 660 Indianapolis, IN 46240 317-577-9090 |
| **REMARKS:** | Documents taken on Marsh Supermarkets, LLC due to the entity converting in its domestic state. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/28/2014, Expected Purge Date: 02/02/2014 Image SOP Email Notification, Laura Gretencord LGretencord@marsh.net Email Notification, Debbie Richcreek drichcreek@marsh.net Email Notification, Shawna-Lin Hamel shamel@suncappart.com Email Notification, Donna Tillstrom dtillstrom@suncappart.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 150 West Market Street Suite 800 Indianapolis, IN 46204 |
| **TELEPHONE:** | 800-592-9023 |



EXHIBIT A

Page 1 of 1 / CE

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



Sture Legal Services, LLC
9000 Keystone Crossing, Suite 660
Indianapolis, Indiana 46240

CERTIFIED MAIL

7011 0110 0002 3931 9141

Marsh Supermarkets, Inc.
C/O CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204-2814

$6.310
US POSTAGE
FIRST-CLASS
FROM 46240
JAN 22 2014
stamps.com

062S00066669613

## SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | BOONE SUPERIOR COURT II |
| | ) SS: | |
| COUNTY OF BOONE | ) | CAUSE NO. 06D02-1401-CT-00006 |
| | ) | |
| BETTY J. EADS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARSH SUPERMARKETS, INC. | ) | |
| and KIM PARIS, | ) | |
| | ) | |
| Defendants. | ) | |

**TO DEFENDANT:**

Marsh Supermarkets, Inc.
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as Plaintiff in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the complaint must be filed whether by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Dated ___JAN 2 4 2014___   _____Penny S. Bogan_____ (Seal)
                            Boone County Clerk

**(The following manner of service of summons is hereby designated.)**

____X____ Registered or certified mail.

_____ Service on individual – (Personal or copy) at above address.

_____ Service at place of employment, to-wit: _____

_____ Service of agent. (Specify) Agent: See Registered Agent's address above

_____ Other service. (Specify) _____

Tae Sture
Sture Legal Services, LLC
9000 Keystone Crossing, Suite 660
Indianapolis, IN 46240

Ph: (317) 577-9090
Fax: (317) 577-1102
E-mail: tae@sturelaw.com

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2014:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____
_____

(2) By leaving a copy of the Summons and a copy of the complaint at _____
which is the dwelling place or usual place of abode of _____

(3) Other Service or Remarks: _____

_____        _____
Sheriff's Costs                                           Sheriff

                                                           By:_____
                                                                      Deputy

## CLERK'S CERTIFICATION OF MAILING

I hereby certify that on the _____ day of **JAN 2 4 2014**_____, 2014, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____,
by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                           *Jenny S. Hogan*
                                                           _____
          **JAN 2 4 2014**                                 Clerk, Boone County
Dated: _____, 2014.     By: _____
                                                                      Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 2014.

By: _____

                                                           _____
                                                           Clerk, Boone County

| | | |
|---|---|---|
| STATE OF INDIANA | ) | BOONE SUPERIOR COURT II |
| | ) SS: | |
| COUNTY OF BOONE | ) | CAUSE NO.: 06D02-1401-CT-00006 |
| | ) | |
| BETTY J. EADS | ) | |
| | ) | |
| Plaintiff, | ) | FILED |
| | ) | |
| vs. | ) | JAN 24 2014 |
| | ) | |
| MARSH SUPERMARKETS, INC. | ) | |
| and KIM PARIS, | ) | CLERK BOONE SUPERIOR COURT II |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Betty J. Eads ("Eads"), by counsel, for her complaint against Defendants, Marsh Supermarkets, Inc.("Marsh") and Kim Paris ("Paris"), respectfully submits to the Court and alleges as follows:

### NATURE OF THE ACTION

Eads brings this Complaint against Defendant Marsh for its discrimination against Eads based on her disability in violation of her rights under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 *et seq*, her sex in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e *et seq*, her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq. ("ADEA"). Eads brings state claims of retaliation for having filed a workers compensation claim, commonly known as a *Frampton* claim, a claim of tortious interference with her employment contract, negligent infliction of emotional distress against Paris and promissory estoppel against Marsh.

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction to decide this claim.

2. This Court has personal jurisdiction over the parties.

1

3. All actions which form the basis of this claim originated in Boone County, Indiana.

4. Eads timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") under Title VII, the ADA, and ADEA on November 30, 2012.

5. The EEOC issued its Notice of Right to Sue pursuant to Eads's request.

6. The EEOC issued its Notice of Right to Sue, dated November 21, 2013, which was received by Eads's counsel on November 25, 2013.

7. Eads timely files her complaint within ninety days of the issuance of the EEOC's Notice of Right to Sue.

## PARTIES

8. Plaintiff Eads resides in Boone County, Indiana.

9. Defendant Marsh is located in Boone County, Indiana.

10. At all times relevant to this cause of action Defendant Kim Paris was employed by Marsh as a Human Resources employee.

## STATEMENT OF FACTS

11. Plaintiff incorporates by reference paragraphs 1 through 10 above.

12. Marsh hired Eads as a deli associate in or around July 2011.

13. On or about December 3, 2011, Eads tripped and fell while working at Marsh, severely injuring her back.

14. Eads continued to work for the next week until she called Marsh's Workers Compensation department to report that her pain had increased.

15. Marsh's Workers Compensation department scheduled Eads for a series of physical therapy and other treatments.

16. On or about December 10, 2011, Steve Carroll, the store manager, transferred Eads from the deli department to an "ambassador" position which is a customer service position.

17. Approximately two weeks after transferring Eads to the "ambassador" position, Carroll re-assigned Eads to be the Cashier/U-Scan monitor in order to accommodate her physical impairment.

18. Carroll and John Southerland, the "front end" manager, told Eads that she would not have to lift any weight in the position of cashier/U-Scan Monitor; that if a customer needed assistance with groceries, a "bagger" would assist the customer.

19. On more than one occasion and in their effort to accommodate Eads' physical impairment, Carroll and Southerland told Eads that as soon as her Workers Compensation claim was closed, they would transfer her to the "Front End" as a cashier/U-Scan Monitor because they could use her there and that she would not have to lift any weight in violation of her lifting restrictions.

20. The U-Scan system is a system wherein the customer scans his/her own grocery items, bags the items, and pays via cash, debit, or credit card.

21. The U-Scan monitor position's essential job functions require the employee to monitor the U-Scan stations and assist customers who need help in navigating the U-Scan system.

22. The U-Scan monitor position requires some walking, standing, but virtually no lifting.

23. Eads successfully worked as the U-Scan monitor from approximately December 10, 2011, to November 5, 2012.

24. From the date of injury on December 3, 2011, to approximately November 3, 2012, Eads was undergoing various forms of treatment for her back injury.

25. On or about November 2, 2012, Eads reached the point of maximum medical improvement and was placed on permanent work restrictions by her treating physician.

26. Neither Marsh nor any of its officials challenged or questioned Eads's release to return to work, her permanent work restrictions, or her medical condition at the conclusion of her workers compensation evaluation.

27. On or about November 5, 2012, Steve Carroll, the store manager, told Eads that HR had informed him that Eads was being terminated because she was an "insurance risk."

28. Carroll suggested that Eads call Kim Paris in HR.

29. The next day in a phone conversation with Kim Paris, Paris confirmed to Eads that indeed she was being terminated because Eads was an insurance risk. Paris apologized saying that there was nothing she could do.

30. To the best of Eads' knowledge, at least two younger males who have work restrictions were retained in employment.

## COUNT I. (ADA)

31. Eads incorporates by reference paragraphs 1 through 30 above as if fully stated herein.

32. During the relevant period Eads had a disability in the form of herniated disks and back pain which limited Eads ability to perform the essential functions of her former job as a deli associate.

33. From approximately December 10, 2011 to November 5, 2012, Marsh's store manager and deli manager provided a reasonable accommodation in the form of a transfer to a position as a cashier/U-Scan monitor.

34. During the period December 10, 2011 to November 5, 2012, Eads was qualified for the position of cashier/U-Scan Monitor and performed the essential functions of that position without incident.

35. On November 5, 2012, Marsh removed the reasonable accommodation for no valid business reason by terminating Eads's employment.

36. Marsh knew Eads had a disability.

37. Marsh contended that Eads could not perform the essential functions of her former position of deli associate.

38. Despite its knowledge that Eads would need a reasonable accommodation and had previously provided one in the form of a transfer to the position of cashier/U-Scan monitor, Marsh terminated Eads's employment.

39. Marsh could have chosen to permit Eads to continue in her position as cashier/U-Scan monitor but chose to terminate her instead.

40. On or about November 6, 2012, Marsh's HR representative, Kim Paris, told Eads that she was being terminated because she was an "insurance risk."

41. In ending Eads's reasonable accommodation, Marsh did not offer Eads any alternative accommodations nor did it articulate an undue hardship reason for ending the accommodation they had previously given to Eads.

42. Marsh violated Eads' rights under the ADA by terminating the reasonable accommodation it had previously rendered to Eads, by not offering an alternative reasonable accommodation, and by terminating Ead's employment because she was a so-called "insurance risk."

### COUNT II. Title VII (sex discrimination)

43. Eads incorporates by reference paragraphs 1 through 30 above as if fully stated herein.

44. As stated in paragraph 30 above, to the best of Eads' knowledge, two males who had work restrictions during the relevant time period were retained in their employment.

45. Marsh treated these two male employees who had work restrictions more favorably than Eads by retaining the males but discharging Eads who also had work restrictions.

46. In doing so Marsh discriminated against Eads because of her sex in violation of Title VII of the Civil Rights Act of 1964 as amended.

### COUNT III. (ADEA)

47. Eads incorporates by reference paragraphs 1 through 30 above as if fully stated herein.

48. Eads is over the age of 40 and is within the ADEA's protected age group.

49. As stated in paragraph 30 above, to the best of Eads's knowledge two younger males who also had work restrictions during the relevant period of Eads' employment were retained. In contrast, Marsh terminated Eads on November 5, 2012.

50. In doing so, Marsh discriminated against Eads because of her age in violation of the ADEA.

### COUNT IV. *FRAMPTON* CLAIM (Workers Comp Retaliation)

51. Eads incorporates paragraphs 1 through 30 above.

52. On or about November 2, 2012, Eads's workers compensation treating physician released Eads to return to work with certain work restrictions.

53. Eads was physically capable of performing work in her then work assignment as U-Scan monitor.

54. Defendant Paris informed Eads that she was being terminated because she was an "insurance risk."

55. Marsh wrongfully terminated Eads from her employment in retaliation for having filed a Workers Compensation claim.

### COUNT V.
### TORTIOUS INTERFERENCE WITH EMPLOYMENT CONTRACT

56. Eads incorporates by reference paragraphs 1 through 29 above.

57. Eads had a valid employment contract with her employer, Marsh Supermarkets, Inc.

7

58. To the best of Eads's knowledge and belief, Kim Paris did not possess the independent authority to terminate Eads's employment with Marsh.

59. Paris induced the wrongful termination of Eads's employment by falsely claiming that Eads was an "insurance risk."

60. Defendant Paris was without justification in accusing Eads of being an "insurance risk."

61. Both Eads and Marsh were harmed by Paris's tortious interference with their employment contract.

## COUNT VI. PROMISSORY ESTOPPEL

62. Eads incorporates by reference paragraphs 1 through 30 above.

63. Carroll and Southerland told Eads that upon the closing of her Workers Compensation case, they would formally transfer her from the deli clerk position to the "front end" as a cashier/U-scan monitor so that she could continue working and not violate her lifting restrictions and because it would give them more flexibility in scheduling.

64. They explained that they could not formalize the transfer until after her Workers Compensation claim was closed.

65. Eads relied to her detriment on the assurances of Carroll and Southerland in that she stayed on the job and did not look for other work based on their assurances.

66. Eads was harmed by her detrimental reliance on the Carroll's and Southerland's promise to transfer her to the cashier/U-Scan monitor position.

## RELIEF

WHEREFORE, Eads requests judgment in her favor against Defendants and that the following be awarded:

a. Back pay, front pay, compensatory, and punitive damages permitted under Title VII and the ADA;

b. back pay, front pay, and liquidated damages permitted under the ADEA;

c. pre-judgment interest on all non-punitive damages;

d. damages related to Paris's interference with Plaintiff's valid and enforceable employment contract;

e. damages and injunctive relief related to Eads' detrimental reliance upon the promises made by Defendant Marsh;

f. the costs of this action including reasonable attorney's fees with interest;

g. grant such relief as the Court deems necessary and proper in the public interest.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and questions so triable.

Respectfully submitted,

*Tae Sture*

Tae Sture, Attorney No. 25120-29
Sture Legal Services LLC
9000 Keystone Crossing, Ste. 660
Indianapolis, IN 46240
Ph: (317) 577-9090
Fax: (317) 577-1102

STATE OF INDIANA ) BOONE SUPERIOR COURT II
) SS:
COUNTY OF BOONE ) CAUSE NO.: 06D02-1401-CT-00006

BETTY J. EADS )
)
   Plaintiff, )
)
vs. )
)
MARSH SUPERMARKETS, INC. )
and KIM PARIS, )
)
   Defendants. )

FILED
JAN 24 2014
CLERK BOONE SUPERIOR COURT II

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:** Initiating __X__      Responding ____      Intervening ____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party members: Betty J. Eads, Plaintiff

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:
Name: Tae Sture                                        Atty Number: 25120-29
Address: 9000 Keystone Crossing, Suite 660             Phone: (317)577-9090
       Indianapolis, IN 46240                      FAX: (317)577-1102
                                                        Email Address: tae@sturelaw.com

[List on continuation page the additional attorneys appearing for above party member(s).]

3. There are other party members: Yes____ No _X___ *(If yes, list on continuation page.)*

4. *If first initiating party filing this case*, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5. I will accept service by FAX at the above noted number: Yes ____ No _X___

6. This case involves support issues. Yes ____ No _X___ *(If yes, supply social security numbers for all family members on a separately attached page using **light green paper**. See form below.)*

7. There are related cases: Yes ____ No _X___ *(If yes, list on continuation page.)*

8. This form has been served on all other parties and Certificate of Service is attached:
   Yes ___ No_X___

9. Additional information required by local rule: _____

                                           /s/ Tae Sture
                                           Attorney-at-Law
                                           (Attorney information shown above.)

**APPEARANCE FORMAT--CONTINUATION PAGE (Civil Case for Use by Attorney)**

**Case Number:** _____

**First Listed Party Member:** _____

Continuation of Item 2 (Attorney information for party member, as applicable):

| | |
|---|---|
| Name: _____ | Atty Number: _____ |
| Address: _____ | Phone: _____ |
| _____ | FAX: _____ |
| _____ | Computer Address: _____ |
| Name: _____ | Atty Number: _____ |
| Address: _____ | Phone: _____ |
| _____ | FAX: _____ |
| _____ | Computer Address: _____ |
| Name: _____ | Atty Number: _____ |
| Address: _____ | Phone: _____ |
| _____ | FAX: _____ |
| _____ | Computer Address: _____ |

Continuation of Item 3 (Other party members not represented by this attorney) _____
_____

Continuation of Item 7 (Caption and case number of related cases):

| | |
|---|---|
| Caption _____ | Case Number _____ |
| Caption _____ | Case Number _____ |
| Caption _____ | Case Number _____ |
| Caption _____ | Case Number _____ |

**Authority:** Pursuant to Trial Rule 3.1, this form shall be filed at the time an action is commenced or when a party first appears. In emergencies, the requested information shall be supplied when it becomes available. Parties shall advise the court of a change in information previously provided to the court.

This format is approved by the Division of State Court Administration.   All versions prior to 1/1/2005 are obsolete.

**Use additional continuation pages if needed.**